2010 Ark. 108

**Kevin L. BANKS, Appellant,**

**v.**

**STATE of Arkansas, Appellee.**

**No. CR 09–838.**

Supreme Court of Arkansas.

March 4, 2010.

Lea Ellen Fowler, North Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Nicana C. Sherman, Ass't Att'y Gen., for appellee.

PAUL E. DANIELSON, Justice.

Appellant Kevin L. Banks was convicted of one count of capital murder and four counts of committing a terroristic act and was sentenced to concurrent terms of life imprisonment without parole and 480 months' imprisonment, which were enhanced by a consecutive term of 180 months' imprisonment for use of a firearm. He appeals from his criminal convictions and sentence, asserting two points: (1) that the circuit court erred in admitting items discovered during a search of a home in which he had not lived for four months prior to the search; and (2) that the circuit court erred in admitting certain testimony and evidence relating to a North Little Rock shooting that occurred after his incarceration. We affirm Banks's convictions and sentence.

Because Banks does not challenge the sufficiency of the evidence supporting his convictions, only a brief recitation of the facts is necessary. *See, e.g., Neal v. State,* 375 Ark. 389, 291 S.W.3d 160 (2009). Around 5:00 a.m. on December 29, 2007, Little Rock police officers responded to a drive-by shooting that had occurred at 2715 Martin Luther King Drive. Upon arriving at the residence, the police encountered Antoine Jones, who was holding his girlfriend's daughter, six-year-old Kamya Weathersby, who had been shot and later died. Police discovered that the side of the house was riddled with bullet holes and learned that, at the time of the shooting, Antoine; his girlfriend, LaShandra Washington; their daughter, Aries; and LaShandra's daughter, Jasriea; along with Kamya, were in the home. Banks was ultimately charged with capital murder and four counts of committing a terroristic act in connection with the shooting, as were his half-brothers, Ricky Smith and Marqus Smith. The cases were severed, and Banks was tried and convicted on all counts.[1] He now appeals.

## I. *Preservation*

We note, as an initial matter, the State's contention that Banks's arguments are not preserved for appeal due to his failure to object at the first opportunity when the evidence at issue was admitted. We hold that the State's lack-of-preservation argument is without merit. The State indicated, pretrial, its intent to use certain evidence at issue in its case against Banks via a motion entitled "Notice of Intent to Use Section 404(B) Evidence" and, later, a supplemental notice. Prior to the severance of the three defendants, the circuit

---

1. We recently affirmed Ricky Smith's convictions and sentence in *Smith v. State,* 2010 Ark. 75, 364 S.W.3d 443.

court held a hearing on the State's notice, on September 11, 2008, during which all three defendants objected to the admissibility of the ammunition found during a search of the home in which all three had resided. In addition, an objection was made to the admissibility of evidence relating to the North Little Rock shooting. At the conclusion of the hearing, the circuit court ruled that the State could not discuss certain guns that were discovered during the search, but that the ammunition evidence was relevant. In addition, the circuit court ruled that, while there might be some question as to whether one of the defendants was in custody at the time of the search, that was an issue that went to the weight of the evidence. The circuit court also ruled that evidence relating to the North Little Rock shooting was admissible.

Four days later, it was requested that the matters be severed, and on September 17, 2008, the first day of Banks's trial, Banks noted that he needed to renew his objections to the State's 404(b) evidence. At that time, Banks again objected with respect to the admissibility of the ammunition evidence found at his former residence. Again, the circuit court overruled Banks's objection, stating that whether Banks was incarcerated at the time of the search went to the weight of the evidence and that its probative value would outweigh any prejudicial effect. In addition, Banks objected to "the 404(b) introduction of anything included in the North Little Rock incident." Again, the circuit court overruled Banks's objection.

Clearly, no contemporaneous objection was required where the circuit court had twice overruled Banks's objection to the admissibility of the evidence at issue, prior to its admission at trial. When an objection made in the form of a motion in limine has been overruled by the circuit court, a contemporaneous objection at trial is not required. *See Banks v. State*, 2009 Ark. 483, 347 S.W.3d 31. Accordingly, we hold that Banks's argument is preserved for its review.

## II. *Evidence Resulting from Search*

For his first point on appeal, Banks argues that the circuit court erred in admitting certain ammunition that was seized from his former residence during a search that occurred after he was incarcerated. He claims that the evidence was not relevant as to him, as the evidence was found in Ricky Smith's bedroom. He further asserts that he had no constructive possession of the evidence, and that, even if the evidence were relevant, it should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice. The State urges that Banks's sole objection to the ammunition's admission was based on relevancy. It contends that the evidence was relevant in that it demonstrated that Banks had access, through his brother, to the type of ammunition used.

Here, as well as before the circuit court, Banks claims that the ammunition taken from his former home was not relevant and, therefore, inadmissible. Rule 401 of the Arkansas Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ark. R. Evid. 401 (2009). Arkansas Rule of Evidence 402 further provides that "[e]vidence which is not relevant is not admissible." Ark. R. Evid. 402 (2009). A circuit court's ruling on relevancy will not be disturbed absent an abuse of discretion. *See Barrett v. State*, 354 Ark. 187, 119 S.W.3d 485 (2003). For evidence to be relevant, it is not required

that the evidence prove the entire case; rather, all that is required is that it have any tendency to make any fact that is of consequence to the determination of the action more or less probable. *See id.*

The State's theory of its case was that Banks, along with his half-brothers, Ricky and Marqus, was responsible for the drive-by shooting that resulted in Kamya's death. Here, Banks challenges the admission of ammunition that was found during a search of his former home, in which he lived with his half-brothers and parents. The ammunition found in Ricky's bedroom consisted of the following: (1) one live nine-millimeter round; (2) a box for 7.62 by 39 ammunition; (3) nine live 7.62 by 39 rounds; (4) five 7.62 by 39 rounds; and (5) seven live .40–caliber rounds. The State sought to admit the ammunition found "to show that these Defendants had knowledge of the sorts of weapons that were used in the death of Kamya Weathersby and had access to them." The circuit court agreed that the evidence was relevant and deemed it admissible over Banks's objections.

We cannot say the circuit court abused its discretion. Testimony was presented by the State that twelve 7.62 by 39 shell casings, twenty-two nine-millimeter, and eight .40–caliber shell casings had been collected from the scene of the drive-by shooting, which resulted in Kamya's death. The same, exact types of ammunition were found at Banks's former home, in the bedroom of his half-brother, an alleged accomplice to the shooting. Such was relevant evidence relating to Banks's and his alleged accomplices' knowledge of those types of ammunition and access thereto. The fact that the exact same types of ammunition used in the shooting were found at the home of Banks and his alleged accomplices was relevant to his or his accomplices' guilt.

Nor can we say that the circuit court abused its discretion in concluding that the evidence was more probative than prejudicial. The balancing of probative value against prejudice, under Ark. R. Evid. 403, is a matter left to the sound discretion of the circuit court, and the circuit court's decision on such a matter will not be reversed absent a manifest abuse of that discretion. *See Davis v. State,* 368 Ark. 401, 246 S.W.3d 862 (2007). Banks claims that the evidence had no real probative value to him, but, instead, was probative of the fact "that Ricky Smith was in possession of the same type of ammunition used during the murder of Kamya Weathersby." Indeed, it was, and, therefore, it was also probative as to Banks, where it was alleged by the State that he or an accomplice had committed the murder and terroristic acts. Accordingly, we affirm the circuit court's admission of the specific evidence at issue.

### III. *404(b) Evidence*

Banks next argues that the circuit court improperly admitted testimony and evidence regarding a drive-by shooting that occurred in North Little Rock while he was incarcerated. Specifically, he challenges the testimony admitted describing the incident and evidence relating to it, and he challenges the testimony of Freddie Walls, who testified that Banks ordered the North Little Rock shooting while in jail. He contends that the admission of this evidence violated Ark. R. Evid. 404(b) and further asserts that, while the evidence may have been relevant pursuant to Ark. R. Evid. 401, it was more prejudicial than probative. The State responds that the evidence and testimony relating to the North Little Rock shooting was admissible under Rule 404(b) as it was evidence of Banks's motive, intent, and plan to kill Antoine Jones.

The testimony and evidence challenged by Banks relates to a separate drive-by shooting that occurred in North Little Rock on May 12, 2008, subsequent to the instant shooting. The victims in this latter drive-by shooting were, again, Mr. Jones, Ms. Washington, and their child, Aries. Ms. Washington testified that after arriving home and parking their car, she exited the car and went around it to get their child. She stated that after Mr. Jones also stepped out of the car, they heard shooting "coming [their] way." Mr. Jones similarly testified, and photographs of their car and the damage it sustained were admitted into evidence.

In addition to their testimony, the State presented testimony from police officers regarding the North Little Rock shooting, as well as two witnesses. Janice Brock testified that while walking her dog nearby, she heard shots, reached down to pick up her dog, and saw a car with no lights coming up the street. She testified that the car almost hit her dog and later crashed into another car down the road. Rozline Jenkins testified that she heard a crash outside her home. She stated that she ran outside and saw someone get out of a maroon car wearing dark clothing and a bandanna and carrying a "big long gun." Officer Richard Gray with the North Little Rock Police Department testified that a blue Buick LeSabre and a maroon Nissan Maxima were involved in the accident. He testified that while there were no occupants in the maroon car when he arrived, an inquiry revealed that it was registered to Lawrence, Banks's father, or Sonya Banks.

Detective Michael Gibbons of the North Little Rock Police Department testified that Ms. Jenkins later identified Ricky Smith from a photo spread as the man she saw run from the car. He further testified that DNA results from the maroon car's airbag that had deployed in the accident "came back to Ricky" and that the investigation revealed that both Ricky and Marqus Smith routinely drove that car. Reuben Linder, a forensic firearms and toolmark examiner from the Arkansas State Crime Laboratory, testified that several of the casings found at the scene of the North Little Rock shooting and casings from the Little Rock drive-by shooting were fired from the same firearm.

In addition to the foregoing testimony, Freddie Walls, who at the time of trial was incarcerated in the Pulaski County Jail, testified that he and Banks had been cellmates. Walls testified that Banks admitted to accidentally killing Kamya with Ricky and Marqus. He testified that Banks said "he was locked up first on the charge, and [Ricky and Marqus were] still out." He testified that Banks told him that Banks told Ricky and Marqus "that they need to go kill the witnesses that was on the charge." He testified that Banks said he wanted them to kill "LaShandra," and that he told them "that they stayed at Dixie ... in North Little Rock" and that "they need to go over there and take care of their business." Walls testified that Banks said that he had gotten his information about what happened in the North Little Rock shooting from talking to his brother on the phone and that Banks then told him that "they were shooting and that they were shooting, and they had wrecked their vehicle." He said Banks told him that "they either had ran into a pole or a stop sign, and that they had jumped out the car and took off running while they was trying, while they was trying to kill her."

It is clear that the foregoing testimony and evidence are evidence of another crime, wrong, or act, which is typically inadmissible pursuant to Ark. R. Evid. 404(b), which provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. 404(b) (2009). For evidence to be admissible under Rule 404(b), it must be relevant to prove the main issue independently from proving bad character. *See Holman v. State*, 372 Ark. 2, 269 S.W.3d 815 (2007). Evidence admitted under Rule 404(b) is independently relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence; *see id.* When evidence of another crime or wrong reflects consciousness of guilt of the commission of the crime charged, it is independently relevant and admissible under Rule 404(b). *See id. See also Henderson v. State*, 322 Ark. 402, 910 S.W.2d 656 (1995).

We hold that the North Little Rock drive-by shooting reflected Banks's consciousness of guilt and was independently relevant. Testimony was presented by the State that Banks, from jail, directed his half-brothers to kill "the witnesses that was on the charge," and testimony and evidence were presented that an attempt was in fact made to kill Mr. Jones, Ms. Washington, and their child, by at least one of Banks's half-brothers, who was also an alleged accomplice to the Little Rock drive-by shooting. We have held that an attempt to tamper with or silence witnesses to thwart prosecution for the charged offense is evidence of consciousness of guilt and constitutes relevant evidence. *See Henderson, supra.* Accordingly, the testimony and evidence relating to the North Little Rock drive-by shooting were properly admitted under Rule 404(b).

Notwithstanding its admissibility under Rule 404(b), Banks further asserts that the testimony and evidence relating to the North Little Rock drive-by shooting should have been excluded as more prejudicial than probative. As already noted, the balancing of probative value against prejudice, under Ark. R. Evid. 403, is a matter left to the sound discretion of the circuit court, and the circuit court's decision on such a matter will not be reversed absent a manifest abuse of that discretion. *See Davis, supra.* We cannot say that the circuit court abused its discretion in concluding that the testimony and evidence were admissible pursuant to Rule 403.

We note that neither Banks nor the State complied with Arkansas Supreme Court Rule 4–3(i) (2009) in that both failed to "abstract, or include in the Addendum, as appropriate, *all* rulings adverse to [the appellant] made by the circuit court on *all* objections, motions and requests made by either party, together with such parts of the record as are needed for an understanding of each adverse ruling." [2] (Emphasis added.) Notwithstanding their noncompliance, the record in this case has been reviewed for all objections, motions, and requests made by either party, which were decided adversely to Banks, and no prejudicial error has been found.

---

**2.** While the rule initially places the responsibility on the appellant, the State must "make certain and certify that *all* of those objections have been abstracted, or included in the Addendum." Ark. Sup.Ct. R. 4–3(i) (emphasis added). While the State certified that it had "examined the record to ensure that all rulings decided adversely to Banks" had been abstracted and that any "rulings not included in Bank's [sic] abstract are included in the State's supplemental abstract," neither was the case.

For the foregoing reasons, we affirm Banks's convictions and sentence.

Affirmed.