2010 Ark. App. 706

**Byron WALLACE, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–128.**

Court of Appeals of Arkansas.

Oct. 27, 2010.

James Winfield Wyatt, Montgomery, Adams & Wyatt, PLC, Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., Valerie Glover Fortner, Asst. Atty. Gen., Little Rock, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Byron Wallace appeals his conviction by a Pulaski County jury on a charge of first-degree battery for which he was sentenced, as an habitual offender, to sixty years' imprisonment in the Arkansas Department of Correction (ADC). Appellant does not challenge the sufficiency of

the evidence supporting his conviction. Instead, he argues that his Sixth Amendment right to confrontation was violated when the circuit court allowed a witness to testify in the sentencing phase about appellant's disciplinary violations during a previous term of imprisonment. Appellant also argues that the circuit court abused its discretion during the guilt phase of the trial by allowing the introduction of testimony from an investigating officer, as well as color crime-scene photographs, both of which he contends were overly prejudicial. We affirm.

Appellant was charged with domestic battery in the first degree, as an habitual offender, for the stabbing of Ms. Tracy Harris, his then girlfriend and the mother of his son. On October 6, 2009, appellant was convicted by a jury on the battery charge and sentenced as previously set forth pursuant to a judgment and commitment order filed on October 14, 2009. Appellant's notice of appeal was timely filed on November 12, 2009.

### I. & II. *Admission of Testimony During Trial*

#### A. *Standard of Review*

Rule 401 (2009) of the Arkansas Rules of Evidence defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Arkansas Rule of Evidence 402 (2009) further provides that evidence which is not relevant is not admissible.

For evidence to be relevant, it is not required that the evidence prove the entire case; rather, all that is required is that it have any tendency to make any fact that is of consequence to the determination of the action more or less probable. *E.g.,*

*Banks v. State,* 2010 Ark. 108, 366 S.W.3d 341. A circuit court's ruling on relevancy will not be disturbed absent an abuse of discretion. *Barrett v. State,* 354 Ark. 187, 119 S.W.3d 485 (2003). Additionally, a circuit court's decision to admit evidence in the penalty phase of a trial is also reviewed for an abuse of discretion. *MacKool v. State,* 365 Ark. 416, 231 S.W.3d 676 (2006).

#### B. *Testimony Admitted During Sentencing Phase*

Prior to the sentencing phase, appellant objected to the introduction of his prison record ("pen-pack"), briefly arguing that the recent United States Supreme Court decision in *Melendez–Diaz v. Massachusetts,* 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), provided that such an introduction would violate his rights under the Confrontation Clause of the Sixth Amendment to the Constitution of the United States. The State disagreed, responding that the keeper of the records would have the requisite personal knowledge of the contents of the pen-pack upon which to testify. *See id.*

During the sentencing phase of appellant's trial, the State called Mr. Marion Lester, a records-intake supervisor with the ADC, who testified as to appellant's prison records. Appellant renewed his objection during Lester's testimony but prior to any mention of his record. Appellant argued that Lester did not have personal knowledge of the pen-pack and was simply reading from a record. The circuit court overruled appellant's objection and allowed Lester to testify. Lester subsequently explained when appellant was originally received at the ADC, when he was paroled, and that he was involved in no less than seven major disciplinary incidents while in prison.

Appellant submits that a confrontation—clause analysis is guided by the United States Supreme Court's recognition of the fundamental and historical importance of the right to trial by jury and the right of cross-examination. *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Appellant contends that these cases establish the facts upon which certain sentence enhancements must be found by a jury, and also that the right of cross-examination, guaranteed by the Confrontation Clause, is a core component of the right to a jury trial. Moreover, he cites *Melendez–Diaz, supra,* in which the United States Supreme Court held that the admission of a forensic laboratory certificate of analysis without the testimony of the analyst violates a criminal defendant's rights under the Confrontation Clause.

Appellant maintains that this court has yet to deal with the issue of confrontation of witnesses during sentencing; however, he submits that our supreme court has previously held that evidence during sentencing is still subject to the rules of evidence. *See Buckley v. State,* 341 Ark. 864, 20 S.W.3d 331 (2000). He also cites *State v. Rodriguez,* 754 N.W.2d 672 (Minn.2008), in which the Supreme Court of Minnesota held that the right of confrontation guaranteed by the Sixth Amendment applies in jury sentencing trials. In *Hill v. State,* 318 Ark. 408, 887 S.W.2d 275 (1994), our supreme court held that sentencing is now, in essence, a trial in and of itself, in which new evidence may be submitted. Accordingly, appellant maintains that if (1) sentencing is a trial in and of itself, and (2) sentencing evidence is still subject to the rules of evidence, then a defendant's constitutional right to the confrontation of witnesses against him is protected, as well, during the sentencing phase of trial.

■ Appellant argues that he should be granted a new sentencing phase, claiming that the circuit court abused its discretion in allowing hearsay testimony from Lester that violated his right to confrontation. While appellant acknowledges that Lester likely could properly testify as to when appellant entered and exited the ADC, he contends that Lester should not have been allowed to testify regarding the disciplinary incidents in which appellant was involved.

We disagree. Through the introduction of appellant's pen-pack and Lester's testimony, the jury learned that, during a previous term of imprisonment, appellant had been disciplined on seven different occasions for assault, indecent exposure, making unwanted sexual proposals, and insolence. We hold that the testimony provided was more administrative in nature, rather than related to an element of the current charges determined in the guilt phase of appellant's trial. Additionally, the State also informed the jury during sentencing, without objection, that appellant previously had been convicted of residential burglary, four counts of aggravated robbery, two counts of theft of property, and two counts of second-degree battery.

The United States Supreme Court has never applied the Confrontation Clause to sentencing, and the *Melendez–Diaz* decision does not extend that application. In that case, Melendez was charged with distributing and trafficking cocaine. In order to prove during the guilt phase of the trial that the content of the contraband seized was cocaine and its weight, the State introduced sworn certificates of analysis. The United States Supreme Court reversed and remanded the conviction, holding that such documentary evidence was testimoni-

al in nature and was inadmissible absent either the opportunity to cross-examine the analysts at trial or a showing that the analysts were unavailable to testify at trial and that Melendez had a prior opportunity to cross-examine them. *Melendez–Diaz,* 557 U.S. 305, 129 S.Ct. at 2532.

We hold that *Melendez–Diaz* did not expand the previous holding in *Crawford v. Washington, supra,* in which the United States Supreme Court held that the admission of testimonial hearsay at trial violates the Confrontation Clause—unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. Furthermore, neither opinion addresses the United States Supreme Court's position on the introduction of such evidence during the sentencing phase of trial. *See United States v. Brown,* 430 F.3d 942 (8th Cir.2005) (citing pre-*Crawford* law, *United States v. Chau,* 426 F.3d 1318 (11th Cir.2005), where the court held that the admission of hearsay testimony at sentencing does not violate confrontation rights). As stated in *Chau,* "[t]he *Crawford* opinion does not state that its rule applies at sentencing; it does not refer to sentencing. While that rule may eventually be extended to the sentencing context, that has not happened yet." *Chau,* 426 F.3d at 1323. Accordingly, there is no precedent, including the holding in *Melendez–Diaz,* upon which to expand the holding in *Crawford* to sentencing.

Finally, even if the application of the Confrontation Clause had been extended to the sentencing phase and the documents in the pen-pack were testimonial propositions, as the records' custodian, Lester was the sponsoring witness. Accordingly, because appellant had the opportunity to cross-examine him, no confrontation issue arose. *See, e.g., State v. Colwell,* 715 N.W.2d 768 (Iowa App.2006) (personnel information presented through keeper of records did not raise confrontation issue). Lester did not testify to the details of each disciplinary incident, but simply confirmed the ultimate disciplinary findings against appellant. Accordingly, we hold that the circuit court did not abuse its discretion by admitting the evidence of his disciplinary violations.

## C. Admission of Testimony During Guilt Phase of the Trial

Ms. Harris was called as a witness by the State, and on cross-examination she testified that appellant had exhibited some very odd behavior and that he has some very "grandiose religious ideations." Harris testified that she had witnessed appellant having hallucinations and talking about things that are not there. She claimed that he had talked about the devil and spirits living among them. Harris also stated that she remembered giving a statement to the police shortly after the incident but did not recall telling them that appellant had all of the sudden started talking crazy. Despite being shown the transcript of her statement, it did not refresh her memory, but she did say that appellant always "talked crazy."

Little Rock Police Detective Tommy Hudson was later called as a witness by the State. Detective Hudson investigated the incident and interviewed Harris. When she was brought into the hospital, her injuries were so severe that Detective Hudson was called to investigate the crime as a potential homicide. Detective Hudson met appellant at the hospital, and he testified that during their encounter appellant never mentioned anything unusual and was cooperative.

During cross-examination, Detective Hudson agreed that he took the following statement from Harris, "All I know was I was fixing to get in the tub and take a bath and he just all of a sudden started talking

crazy." On re-direct, the State asked Detective Hudson whether he perceived Harris's statement that appellant was "talking crazy" as a threat to kill her. An objection was promptly made that Detective Hudson's interpretation of the comment was irrelevant. Detective Hudson was allowed to testify that, in light of all the information he had gathered at the time he took the statement, he believed she was referencing her fear that appellant would kill her.

Appellant maintains that Detective Hudson's testimony was not relevant and there was no basis for its admission. He claims that Detective Hudson had no personal knowledge upon which to base his testimony, and that the testimony was prejudicial and should have been excluded. Accordingly, he requests that we award him a new trial.

■ Although appellant now argues that Detective Hudson had no personal knowledge to support his statement and that his testimony was prejudicial, appellant made neither a hearsay objection nor a Rule 403–prejudice objection at trial. Accordingly, neither of these arguments is preserved for appellate review. *E.g., Baker v. State,* 2009 Ark. App. 788, 2009 WL 3855690. Because our supreme court has held that un-objected-to hearsay testimony may be considered by the trier of fact, we hold that the circuit court did not abuse its discretion when it allowed Detective Hudson to explain his interpretation of Harris's statement.

### III. *Admission of Photographs*

#### A. *Standard of Review*

■ When photographs are helpful to explain testimony, they are ordinarily admissible. *E.g., Barnes v. State,* 346 Ark. 91, 55 S.W.3d 271 (2001). The mere fact that a photograph is inflammatory or cumulative is not, standing alone, sufficient reason to exclude it. *Id.* Even the most gruesome photographs may be admissible if they assist the trier of fact by shedding light on some issue, proving a necessary element of the case, enabling a witness to testify more effectively, corroborating testimony, or enabling jurors to better understand the testimony. *Id.* All of the circumstances connected with a crime may be shown in order for the jury to get an understanding of the entire transaction. *E.g., Bledsoe v. State,* 344 Ark. 86, 39 S.W.3d 760 (2001). However, even if evidence is relevant, it still may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Ark. R. Evid. 403 (2010).

#### B. *Discussion*

■ On the morning of his trial, appellant asked the circuit court to require the State to introduce black-and-white photographs of the crime scene rather than color photographs, arguing that the color photographs would be overly prejudicial. The motion was denied. He now argues that the photographs were so gruesome that he was unfairly prejudiced by their introduction.

In this matter, approximately three 8 × 10 color photographs are at issue. Appellant submits that these photographs are not relevant, but even if they were, they are inherently prejudicial due to the fact that they are color photographs, when black-and-white photographs would have provided the same description. Specifically, appellant notes that State's Exhibits 6, 7, and 8 are so gruesome that the prejudicial effect outweighs their probative value and relevance.

Appellant was charged with domestic battery in the first degree. To convict him, the State had to prove that appellant unlawfully, feloniously, with the purpose of causing serious physical injury to a family or household member, did cause serious physical injury to Harris, a family or household member, by means of a deadly weapon, against the peace and dignity of the State of Arkansas. *See* Ark.Code Ann. § 5–26–303(a)(1) (Repl.2006).

Appellant notes that this charge does not require a tremendous amount of bloodshed, only that serious physical injury was caused. The State presented testimony from Dr. David Dean and Harris to testify as to the severity of Harris's injury. He urges that there was neither relevance nor medical usefulness in introducing the photographs. Appellant urges that they served only to inflame the passion of the jurors, as the photographs did not have a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the photographs. Accordingly, appellant argues that any probative value of these photographs was greatly outweighed by the prejudice to him, and he claims that admitting them impaired his right to a fair trial.

We initially note that appellant's contention that the photographs would have been less prejudicial if shown in black and white—rather than color—was untimely. Our supreme court, in *Davis v. State*, 2009 Ark. 478, 348 S.W.3d 553, held that to accommodate such a request made the morning of trial was a practical impossibility.

‖₁₁Additionally, although appellant objected to the introduction of color photographs of the bathtub where Harris was stabbed, none of the photographs in question actually show Harris or her injuries. Rather, the photographs indicate the extent of the blood loss she suffered as a result of the stabbing. We hold that there was no abuse of discretion by the circuit court in admitting the photographs because they were relevant to corroborate both Harris's testimony as to the manner and violence in which she was attacked, as well as the testimony of Dr. Dean, her treating physician, regarding the amount of blood loss she suffered. Accordingly, we affirm on this point as well.

Affirmed.

PITTMAN and KINARD, JJ., agree.