

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–705

| | |
|---|---|
| TERENCE CHRISTOPHER POWELL<br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** February 24, 2016<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. CR–2014-593]<br><br>HONORABLE JAMES O. COX, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

Terence Powell appeals from the Sebastian County Circuit Court's revocation of his suspended imposition of sentence.[1] The circuit court found that Smith had violated the conditions of his suspension by committing a felony—specifically, domestic battery—and revoked his suspended sentence. The court sentenced him to three years' imprisonment plus three years' suspended imposition of sentence on the underlying count of aggravated assault on a family or household member. His sole point on appeal is that the circuit court erred by allowing evidence of a 911 call that violated his Sixth Amendment right to confront and cross-examine the witnesses against him. We hold that the circuit court did not violate his rights under the Confrontation Clause and affirm his conviction.

The victim of appellant's battery in the revocation was a woman named Chantelle

---

[1]The petition to revoke alleged two violations of appellant's suspended sentence. The circuit court failed to make findings regarding the alleged nonpayment of the court-ordered fines, costs, and fees despite the introduction of the fine ledger in this case.

Norwood. Chantelle did not attend the hearing. Chantelle had called 911 on the night of the incident, and the 911 call was answered by Shanghaleza Benton, who did attend the hearing. She was the State's first witness. Before Ms. Benton testified, appellant's counsel moved to exclude audio of the 911 call, and any testimony regarding what Chantelle said, under the Confrontation Clause because Chantelle was not present at the hearing for appellant to cross-examine. The court took the motion under advisement and allowed Ms. Benton to testify.

Ms. Benton testified that she worked in dispatch for the Fort Smith Police Department taking 911 emergency and nonemergency calls. She admitted that she had taken such a call from Chantelle on March 9, 2015, whereupon the CD of the call was admitted into evidence and played for the court. In the call, Chantelle stated that she had just been severely beaten by her ex-boyfriend. Ms. Benton asked for her address, which Chantelle provided. Chantelle then said that the perpetrator was "walking and hiding in the alley right now" and asked Ms. Benton to "[p]lease send officers." In response to Ms. Benton's questions, Chantelle gave Ms. Benton her name and the name of her ex-boyfriend, appellant. When Ms. Benton asked Chantelle how long before the call had appellant beaten her, she said, "Like 10 minutes ago." The State also put on the testimony of two detectives from the Fort Smith Police Department to describe Chantelle's injuries.

At the conclusion of the State's case, the circuit judge found that the 911 call was not testimonial and thus that the Confrontation Clause did not apply. His impression was that it was an "ongoing, potentially emergent event" given that appellant was still hiding in the back alley at the time of the 911 call and that Chantelle had asked Ms. Benton to "please send

SLIP OPINION

officers."

On appeal, appellant argues that the circuit court violated his constitutional right to confront the witnesses against him under the Confrontation Clause. Although the rules of evidence, including the hearsay rule, are not strictly applicable in revocation proceedings, the right to confront witnesses is applicable. *Howard v. State*, 2016 Ark. App. 69. Because this appeal raises a question of constitutional interpretation, it is subject to this court's de novo standard of review. *Vankirk v. State*, 2011 Ark. 428, at 4, 385 S.W.3d 144, 147.

The Confrontation Clause applies only to testimonial statements, not to nontestimonial statements. *Davis v. Washington*, 547 U.S. 813, 821 (2006); *see also Vankirk*, 2011 Ark. 428, 385 S.W.3d 144. In *Davis*, the Supreme Court held that "[s]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Davis*, 547 U.S. at 822. Similarly, in *Seely v. State*, 373 Ark. 141, 152, 282 S.W.3d 778, 787 (2008), our supreme court held that the test for determining whether the introduction of a statement violates the Confrontation Clause should remain focused on the circumstances surrounding the statement and whether those circumstances objectively indicate that the primary purpose of the statement is to prove events relevant to criminal prosecution, and "[w]here a statement is made to a government official, it is presumptively testimonial, but the statement can be shown to be nontestimonial where the primary purpose of the statement is to obtain assistance in an emergency." *Id.*

In this case, the purpose of Chantelle's statement to the 911 operator was to obtain

assistance in an emergency. She called 911 because appellant had beaten her and was hiding in the alley outside of her house; she needed police assistance. The 911 operator obtained information from Chantelle that was necessary to help the dispatched officers determine for whom they were searching and what they could expect to find at the scene. The events were unfolding at the time the call was made, and the information was provided to assist the police in resolving the situation. Accordingly, we hold that Chantelle's statements to Ms. Benton were nontestimonial and, thus, the circuit court did not err in allowing the recording of the 911 call to come into evidence over appellant's Confrontation Clause objection.

Affirmed.

GLADWIN, C.J., and VIRDEN, J., agree.

*David Dunagin*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.