RHONDA K. WOOD, Associate Justice | ,The City of Hot Springs passed an ordinance annexing property under A-kan-sas Code Annotated section 14-40-501 (Supp. 2015).- Certain property, owners sued the City, arguing that the statutory scheme authorizing the annexation was unconstitutional. The property owners also argued that even if the statute were constitutional, the annexed area did not fall within the statutory language. The circuit court dismissed the lawsuit, and the property owners have now filed this appeal.. We affirm. The Hot Springs City Board of Directors voted to annex two tracts of property in January 2016. The tracts were completely surrounded by the Hot Springs city limits and Lake Hamilton. One month later, George Pritchett and other landowners filed a complaint to set aside the annexation. Upon the City’s motion for summary judgment and declaratory judgment, the circuit court dismissed Pritchett’s complaint with prejudice. The court concluded that the statute was constitutional and that the annexed area met the requirements |aset forth in section 14-40-501. Pritchett has now brought this appeal, which we affirm for the reasons explained below. First, Pritchett argues that property owners have a constitutional right to vote on annexation and that the City cannot annex unincorporated areas via ordinance alone. We reject this argument. The circuit court ruled that there is no constitutional right to vote on annexation. Pritchett argues that this ruling is too broad. He also argues that once the right to vote on annexation has been granted, it cannot be taken away without a compelling state interest. To the extent that this appeal raises a question of constitutional interpretation, we review the issue de novo. See Vankirk v. State, 2011 Ark. 428, 385 S.W.3d 144. The relevant case on point is from the United States Supreme Court. See Hunter v. City of Pittsburgh, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907). There, the residents of the smaller city of Allegheny challenged its annexation by thé larger city of Pittsburgh. The Court rejected the challenge, and in so doing noted that states have no constitutional restraints' to regulate municipal corporations as they see fit: Municipal corporations are political subdivisions of the State, created as convenient agencies for exercising such of the governmental powers of the state as may be entrusted to them.... The number, nature, and duration of the powers conferred upon these corporations and the territory over which they shall be exercised rests in the absolute discretion of the State.... The State, therefore, at its pleasure, may modify or withdraw all such powers ... expand or- contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the State is supreme, and its legislative body, conforming its action to the state constitution, may do as it will, unrestrained by any provision of the Constitution of the United States. Id. at 178-79, 28 S.Ct. 40 (emphasis added). | aPritchett acknowledges Hunter by citation but fails to grapple with its consequences. Plainly, a state may enlarge a municipality “with or without the consent of the citizens.” Id. at 179, 28 S.Ct. 40. This necessarily means that citizens have no constitutional right to vote on annexation. Pritchett still maintains that the Equal Protection Clause of the Fourteenth Amendment provides that once a state has given citizens the right to vote on annexation, it cannot take that right away without a compelling state interest. We acknowledge that some statutes provide for annexation by election. E.g., Ark. Code Ann. § 14-40-303 (Repl. 2013). But Pritch-ett has not provided a single citation to support his argument that once the right to vote on annexation has been given it cannot be taken away. ‘When the appellant does not cite any authority, nor make a convincing legal argument, and where it is not apparent without further research that the point is well taken, we will affirm.” City of Greenbrier v. Roberts, 354 Ark. 591, 594, 127 S.W.3d 454, 456 (2003). Regardless, because no fundamental right is at stake here, the State is not required to prove a compelling state interest. See Jegley v. Picado, 349 Ark. 600, 632, 80 S.W.3d 332, 350 (2002) (“When a statute infringes upon a fundamental right, it cannot survive unless a compelling state interest is advanced by the statute and the statute is the least restrictive method available to carry out the state interest.”). Nor does Pritchett claim that the statute creates any suspect classifications. Thus, the applicable standard is rational-basis review. Arnold v. State, 2011 Ark. 395, at 8, 384 S.W.3d 488, 495 (noting that rational-basis review applies unless the “statute impinges on a fundamental right or is based on a suspect | ¿criterion”). Pritchett has not asserted that the statute lacks a rational-basis. We accordingly affirm the circuit court on this point. Pritchett argues next that the two tracts annexed by the City fall outside the procedure set forth in Arkansas Code Annotated section 14-40-501. We reject this argument too, applying well-settled principles of statutory interpretation. The statute provides the following: (a)(l)(A)(i) Whenever the incorporated limits of a municipality have completely surrounded an unincorporated area, the governing body of the municipality may propose an ordinance calling for the annexation of the land surrounded by the municipality. (ii) Subdivision (a)(1)(A)® of this section includes situations in which the incorporated limits of a municipality have surrounded an unincorporated area on only three (3) sides because the fourth side is a boundary line with another state, a military base, a state park, a national forest, a lake, or a river. Ark. Code Ann. § 14-40-501. Pritchett argues that the annexed area, known as “Area B,” is surrounded on two sides by the City and on two sides by Lake Hamilton. Therefore, he argues, it cannot be annexed under this statute, which requires that the land be surrounded on three sides by a city and on one side by a lake. This is a map of the disputed area: In order to resolve this issue, we must employ the rules of statutory construction. The basic rule of statutory construction is to give effect to the intent of the legislature. Dachs v. Hendrix, 2009 Ark. 542, 354 S.W.3d 95 (2009). When the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. Id. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Id. We review issues involving statutory interpretation de novo on appeal. Moore v. Moore, 2016 Ark. 105, 486 S.W.3d 766. IfiWe affirm the circuit court’s ruling that “Area B” may be annexed under the procedure set forth in section 14-40-501. The key word is “includes” from subsection (ii). “The word ‘includes’ is usually a term of enlargement, and not of limitation .... It, therefore, conveys the conclusion that there are other items includable, though not specifically enumerated.” 2A Norman J. Singer & J.D. Sambie Singer, Sutherland Statutory Construction § 47.7, at 305 (7th ed. 2007) (citing Argosy Ltd. v. Hennigan, 404 F.2d 14, 20 (5th Cir. 1968)). Thus, a presumption exists that “include” is nonexclusive: “The verb to include introduces examples, not an exhaustive list.” Antonin Sealia & Bryan A. Garner, Reading Law: An Interpretation of Legal Texts, 132-33 (2012); see also Highway & City Freight Drivers, Dockmen & Helpers, Local Union No. 600 v. Gordon Transports, Inc., 576 F.2d 1285, 1289 (8th Cir. 1978) (“When a statute [uses the word includes], the fact that the statute does not specifically mention a particular entity ... does not imply that the entity falls outside of the definition.”); Cohen v. Cohen, 937 S.W.2d 823, 828 (Tenn. 1996) (“The use of the word “includes” ... does not indicate exclusion of unlisted items, but rather indicates inclusion of listed ones.”). Essentially, subsection (ii) provides an example of unincorporated areas that are “completely surrounded” by a municipality. As explained above, the rules of statutory construction provide that this single example from subsection (ii)—an area surrounded on three sides by a city and on one side by a non-city entity—does not exhaust the list of areas “completely surrounded” by a municipality. It is clear by the description of the example in subsection (ii) that the legislature’s use of “completely surrounded” was not intended to limit the tract to those areas in which a city surrounds the tract. Other areas may still qualify. |7This is true here, where the area to be annexed does not have four distinct sides. We hold that the phrase “completely surrounded” as used in section 14-40-501(a) includes the area at issue in this case, which has no borders other than those with a single municipality and a lake. Accordingly, we affirm the circuit court’s summary-judgment order. Affirmed. Hart, J., dissents.