RAYMOND R. ABRAMSON, Judge
This appeal arises from the summary dismissal by the Circuit Court of Garland County of appellants' (collectively known as "Opponents of Ordinance 6121") challenge to an ordinance passed by the City of Hot Springs, Arkansas ("the City"), that annexed to the City an unincorporated area of Garland County known as the Enclave Study Area B ("Enclave B"). On appeal, appellants argue that the circuit court erred in finding that the City had complied with the statutory requirements for annexation of Enclave B, that the annexation procedure was in violation of the Equal Protection Clause of the Fourteenth Amendment, and the annexation procedure was unconstitutional under the Arkansas *547 Constitution. For the following reasons, we affirm.
The statutory basis for the City's annexation of Enclave B is contained in Arkansas Code Annotated sections 14-40-302 and 14-40-501 to -503. On November 17, 2015, the City's board of directors passed Hot Springs Resolution No. 8793 ("Resolution 8793"), fixing a time and date for a public hearing to annex Enclave B. In December 2015, all known property owners of Enclave B were notified by certified mail of the City's intent to annex Enclave B and informed of their rights related thereto. Also in December, a legal notice was published in a newspaper with circulation in Garland County setting out the legal description of Enclave B and announcing that it was the intention of the City to annex Enclave B.
The City held a public hearing on January 5, 2016, to consider whether an ordinance should be passed to annex Enclave B into the City pursuant to Resolution 8793. On January 19, 2016, the City board of directors voted to adopt Hot Springs Ordinance No. 6121 ("Ordinance 6121"), annexing Enclave B into the City. Appellants, who are landowners in Enclave B opposed to the annexation, brought suit challenging the annexation on several grounds. First, the appellants sought a declaration that the City did not comply with the statutory requirements for such an annexation, thereby making Ordinance 6121 void. Second, appellants' complaint sought a declaration that the annexation procedure set forth in Arkansas Code Annotated sections 14-40-501 to -504 (collectively "the Annexation Procedure") violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Last, appellants argue that the annexation procedure violates the Arkansas Constitution by infringing on appellants' rights to representation and to vote. The original complaint in this action was filed pro se. When the City filed a motion for declaratory judgment and motion for summary judgment, appellants retained counsel. Thereafter, appellants filed an amended and supplemental class-action complaint for declaratory judgment ("the amended complaint"), which essentially sought the same relief as the original complaint but also sought class certification on behalf of all persons residing in Enclave B. The City then filed an answer to the amended complaint and renewed its motion for declaratory judgment and motion for summary judgment. These motions were fully briefed, and on November 2, 2016, appellants filed their own motion for summary judgment asserting entitlement to judgment as a matter of law on their claims that the City failed to comply with the statutory requirements in its passage of Ordinance 6121, thereby seeking a summary determination that Ordinance 6121 was void. A hearing was held on the pending motions on December 13, 2016, in the Garland County Circuit Court. After conducting the hearing and reviewing the pleadings, the circuit court granted the City's motion and denied the appellants' motion, thereby dismissing the appellants' amended complaint with prejudice. This appeal follows.
On appeal, appellants argue the circuit court erred in summarily finding that the City had complied with the statutory requirements for annexation of Enclave B and in denying appellants' motion for summary judgment on those grounds. Appellants also argue the annexation procedure is unconstitutional under the United States Constitution because it violates the Equal Protection Clause of the Fourteenth Amendment and further that it is unconstitutional under the equality sections of the Arkansas Constitution. Because we do not believe the circuit court's grant of summary judgment was in error, we affirm.
*548 First, appellants argue that the circuit court erred in finding that the City had complied with the statutory requirements for annexation of Enclave B. The City contacted and coordinated with the Arkansas Geographic Information Systems ("GIS") office before undertaking the annexation of Enclave B as required by Arkansas Code Annotated section 14-40-101. Appellants attempt to redefine "undertake," but it is clear from our review of the record that the undertaking of the annexation of Enclave B had not occurred by the time the City contacted GIS. Shelby Johnson, an employee of GIS, agreed. According to his affidavit, "[T]he City of Hot Springs coordinated with the Geographic Information Systems Officer regarding the preparation of legal descriptions and digital mapping for the annexation, more fully described in Hot Springs Ordinance 6121, in accordance with [the statute.]"
While the appellants assert that the annexation was undertaken at the moment the City passed Ordinance 6121, the fact is that when the City contacted GIS-48 hours after the passage of Ordinance 6121-the ordinance was not yet valid; the referendum period had not yet expired; and the effective date of the ordinance was still over two months away.
The City was still two months away from providing services to the area to be annexed. The City argues that to assert that the undertaking occurred two months before the City would have even begun providing services to the annexed area is akin to saying a trip begins when you start to pack your bags. We agree. The passage of Ordinance 6121 was merely preparation for the undertaking of the annexation, which could only occur when the City performed the tangible actions of the annexation, i.e. providing police, fire, and wastewater services to the residents of Enclave B.
In making their claim, the appellants rely almost entirely on the definition of "undertake" found in a Merriam-Webster dictionary (defined as "to begin or attempt [something]"). This definition, appellants contend, means that passing Ordinance 6121 amounts to "undertaking," and because GIS was contacted after passage, then the annexation of Enclave B is void. The appellants, however, have no legal basis to conclude that "undertaking" of an annexation begins with the passage of an ordinance and no basis to contend that voiding the ordinance is the appropriate remedy even if it does.
As mentioned above, when the City contacted GIS 48 hours after Ordinance 6121's passage, the ordinance was not yet valid, and would not be until January 24, 2016-the day the City published the ordinance and three days after it had contacted GIS. Until such publication, Ordinance 6121 would not be valid-"the ordinance never had life breathed into it." See City of Fort Smith v. O.K. Foods, Inc. , 293 Ark. 379, 381, 738 S.W.2d 96, 99 (1987). We agree with the City that it is important to note that Ordinance 6121 was not even valid until days after the City contacted GIS. Even if Ordinance 6121 amounted to the City's undertaking the annexation of Enclave B, the ordinance does nothing and is invalid before its post-enactment publication. Accordingly, we hold that contacting GIS within 48 hours of Ordinance 6121's passage is in accordance with the statute.
Appellants also argue that the Annexation Procedure unconstitutionally violates the Equal Protection Clause of the Fourteenth Amendment by denying the right to vote to those who reside in the area to be annexed. This argument is wholly without merit. The City did not fail to allow affected property owners a chance to be heard before the passage of Ordinance 6121.
*549 The statute at issue, Arkansas Code Annotated section 14-40-502, requires that the City hold a public hearing. It does not require that every person who wishes to speak be allowed to do so, no matter the circumstances. In the instant case, all who wished to speak were allowed to sign up to do so, and those who signed up were allowed to speak even though the statute does not create an affirmative duty for the City to allow everyone to do so. As the City argues, there is certainly no affirmative duty if allowing people to speak would otherwise violate the law or amount to safety issues, as it did here. Moreover, it is undisputed that the City employed a simple sign-up process to ensure that those who wished to speak were allowed to do so. The City has no responsibility or duty to force people to sign up and speak.
The appellants also take issue with the City's actions to comply with the maximum-occupant load at the board meeting on January 5, 2016. They claim that this violated Arkansas Code Annotated section 14-40-502(b), which provides,
at least fifteen (15) days prior to the date of the public hearing, the governing body of the municipality shall publish a legal notice setting out the legal description of the territory proposed to be annexed and notify by certified mail all the property owners within the area proposed to be annexed of their right to appear at the public hearing to present their views on the proposed annexation.
Ark. Code Ann. § 14-40-502(b).
Appellants do not dispute the fact that all notices of the hearing were sent as required by the statute. Furthermore, they do not contest the fact that sign-up pages for those who wished to speak were available and were executed by those for and against the ordinance and that these pages were completed for both the January 5 and January 19, 2016 meetings. The appellants also do not dispute the fact that all the people who signed up on both sides of the issue were given a chance to speak. There is no dispute that the crowd exceeded the lawful limits of the hearing room and the excess number were asked to stand outside the meeting room, with the door to the meeting room open, by Ed Davis, the City Fire Chief. The appellants argue that they were deprived of a right to be heard on an issue; however, there is little evidence before us to suggest that there was an actual aggrieved party, as no one complained that he or she wanted to speak but was not allowed to do so. Due process generally requires that a person receive notice of proceedings and a reasonable opportunity to be heard on the issue. See Davis v. Schimmel , 252 Ark. 1201, 1207-8, 482 S.W.2d 785, 789 (1972). Here, no one disputes that everyone received the required notice, and no one disputes that those who wished to speak could have signed up to do so or that those who signed up were allowed to speak. We hold that the appellants were entitled to a reasonable opportunity to be heard and that they were given that reasonable opportunity.
Appellants' next argument, that the annexation procedure was in violation of the Equal Protection Clause of the Fourteenth Amendment, has been decided by our supreme court in Pritchett v. City of Hot Springs , 2017 Ark. 95, 514 S.W.3d 447. There, property owners in Enclave B "sued the City arguing that the statutory scheme authorizing the annexation was unconstitutional." Id. at 1, 514 S.W.3d at 449. Our high court rejected that argument and affirmed the circuit court's dismissal of the property owners' claim.
Now, different residents of Enclave B bring this appeal challenging the constitutionality of the statutory annexation scheme. The geographic area is the same; the annexation is the same; the law is the same; and the claim of unconstitutionality *550 is the same. Because this argument has been decided by our supreme court, we can dispose of this point quickly, and we affirm the lower court's ruling finding that the statutory scheme at issue is not unconstitutional.
Appellants' final argument is that the annexation procedure is unconstitutional under the equality sections of the Arkansas Constitution. The City responds that this is basically a rehash of the previous argument, using different words. Appellants attempt to impose the strict-scrutiny analysis on the statutory scheme at issue. However, as with their previous argument, this point has already been decided by the Arkansas Supreme Court. The Pritchett court held, "Because no fundamental right is at stake here, the State is not required to prove a compelling state interest." 2017 Ark. 95, at 3-4, 514 S.W.3d 447, 450(citing Jegley v. Picado , 349 Ark. 600, 632, 80 S.W.3d 332, 350 (2002) ("When a statute infringes upon a fundamental right, it cannot survive unless a compelling state interest is advanced by the statute and the statute is the least restrictive method available to carry out the state interest.")). "Thus, the applicable standard is rational-basis review." Id. (citing Arnold v. State , 2011 Ark. 395, at 8, 384 S.W.3d 488, 495 (noting that rational-basis review applies unless the "statute impinges on a fundamental right or is based on a suspect criterion")). Like the appellants in Pritchett , the appellants here have not "asserted that the statute lacks a rational-basis." Id. Therefore, we affirm the circuit court's decision that the statutory scheme is constitutional.
Affirmed.
Glover and Murphy, JJ., agree.