Cite as 2024 Ark. 44

# SUPREME COURT OF ARKANSAS
No. CV–23–518

| | |
|---|---|
| CHRIS CORBITT, ESQ.<br><br>APPELLANT<br><br>V.<br><br><br>ARKANSAS STATE UNIVERSITY; TRUSTEES CHRISTY CLARK, PRICE GARDNER, NIEL CROWSON, JERRY MORGAN, STEVE EDDINGTON, BISHOP ROBERT G. RUDOLPH, JR., PAUL ROWTON, IN THEIR OFFICIAL CAPACITIES AS TRUSTEES OF ARKANSAS STATE UNIVERSITY<br><br>APPELLEES | **Opinion Delivered:** April 4, 2024<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT<br>[NO. 16JCV-22-1659]<br><br>HONORABLE MELISSA RICHARDSON, JUDGE<br><br><br>AFFIRMED. |

## BARBARA W. WEBB, Justice

Appellant Chris Corbitt appeals from the Craighead County Circuit Court's order granting summary judgment in favor of the State. For reversal, Corbitt argues that the circuit court erred in finding that Arkansas State University (ASU) can prohibit firearms in its on–campus arena, First National Bank Arena (FNB Arena), because the facility is covered by an alcohol permit. We affirm.

I. *Background*

The undisputed facts are as follows. FNB Arena is located on ASU's campus. The arena is covered by an Alcoholic Beverage Control (ABC) permit, held by NEA Sports

Club, which authorizes consumption and sale of beer and wine on the premises during designated events. FNB Arena has been covered by an ABC permit since 2015.

There is written notice clearly readable at a distance of more than ten feet at each entrance to FNB Arena, which states "Carrying a Handgun is Prohibited" and "All Weapons are Prohibited." The written sign and notice prohibiting firearms in FNB Arena complies with the requirements of Arkansas Code Annotated section 5-73-306(18).

Corbitt filed in the circuit court a complaint for declaratory judgment and injunctive relief. He sought a declaration that, as a holder of an "Enhanced Concealed Carry License" (ECCL), he was entitled to enter FNB Arena with a firearm except for those areas then hosting a collegiate sporting event. Corbitt further sought an order enjoining ASU from prohibiting ECCL holders from entering FNB Arena with a firearm. Corbitt holds an ECCL pursuant to Arkansas Code Annotated section 5-73-322(g).

The parties filed competing motions for summary judgment. Following a hearing, the circuit court entered an order granting ASU's motion for summary judgment. The circuit court found that "[u]nder current Arkansas law, FNB Arena can be covered by an [ABC] permit and ASU can lawfully prohibit firearms in FNB Arena to maintain the alcohol permit while complying with Ark. Code Ann. § 5-73-306(11)(B) as well as Title 3 permit requirements and ABC regulations." Corbitt appeals from this order.[1]

---

[1]There are two dissenting opinions in this case. This opinion responds to Justice Wood's dissent.

2

## II. *Discussion*

Ordinarily, on appeal from a summary-judgment disposition, the evidence is viewed in the light most favorable to the party resisting the motion, and any doubts and inferences are resolved against the moving party. *Abraham v. Beck*, 2015 Ark. 80, at 8, 456 S.W.3d 744, 751. However, when the parties agree on the facts, courts simply determine whether the appellee was entitled to judgment as a matter of law. *Hendrix v. Mun. Health Ben. Fund*, 2022 Ark. 218, at 7, 655 S.W.3d 678, 682. When parties file cross-motions for summary judgment, as in this case, they essentially agree that there are no material facts remaining and that summary judgment is an appropriate means of resolving the case. *Convent Corp. v. City of N. Little Rock*, 2021 Ark. 7, at 17, 615 S.W.3d 706, 716. As to issues of law presented, our review is de novo. *Id*.

On appeal, Corbitt argues that the circuit court erred by misinterpreting Arkansas Code Annotated sections 5-73-306 (Supp. 2021) and 5-73-322 (Supp. 2021), which he claims permits holders of ECCLs to enter FNB Arena with a firearm, despite the alcohol permit covering the facility.

The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Miller v. Thurston*, 2020 Ark. 267, at 7, 605 S.W.3d 255, 258–59. The basic rule of statutory construction is to give effect to the intent of the legislature. *Steve's Auto Ctr. of Conway, Inc. v. Ark. State Police*, 2020 Ark. 58, at 5, 592 S.W.3d 695, 699. Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Lawhon Farm Servs.*

*v. Brown*, 335 Ark. 272, 279, 984 S.W.2d 1, 4 (1998). Statutes relating to the same subject must be construed together and in harmony, if possible. *Haile v. Johnston*, 2016 Ark. 52, at 7, 482 S.W.3d 323, 327.

Subsection (g) of section 5-73-322 sets forth the training requirements an individual must complete to obtain an ECCL. A licensee who completes the training course and obtains an ECCL under subsection (g) is exempted from the prohibitions and restrictions on "[c]arrying a concealed handgun in a prohibited place listed under § 5-73-306(7)–(12)." Ark. Code Ann. § 5-73-322(h)(2).

Meanwhile, Arkansas Code Annotated section 5-73-306 provides, "Except as permitted under § 5-73-322(g), a license to carry a concealed handgun issued under this subchapter does not authorize a person to carry a concealed handgun into" several enumerated locations. Those include:

> (11)(A) A portion of an establishment, except a restaurant as defined in § 3-5-1202, licensed to dispense alcoholic beverages for consumption on the premises.
>
> (B) A person with a concealed carry endorsement under § 5-73-322(g) and who is carrying a concealed handgun may not enter an establishment under this section if the establishment either places a written notice as permitted under subdivision (18) of this section or provides notice under subdivision (19) of this section prohibiting a person with a license to possess a concealed handgun at the physical location[.]

Ark. Code Ann. § 5-73-306(11). Thus, according to subdivision (11), an ECCL holder may not carry a firearm into an establishment licensed to dispense alcohol if such establishment places written notice as provided under subdivision (18).[2]

---

[2]We are mindful that if read in a vacuum, section 5-73-322(h) would appear to override the restrictions set forth in section 5-73-306(11). However, subdivision (11)(B) specifically states that ECCL holders may not enter the premises of an establishment with an alcohol permit if written notice is provided under subdivision (18). Because subdivision

Subdivision (18)(A) extends the prohibition of carrying a concealed firearm to include:

> (A)(i) Any place *at the discretion* of the person or entity exercising control over the physical location of the place by placing at each entrance to the place a written notice clearly readable at a distance of not less than ten feet (10′) that "carrying a handgun is prohibited."

Ark. Code Ann. § 5-73-306(18)(A)(i) (emphasis added).

Corbitt correctly notes that Arkansas Code Annotated section 5-73-306(18)(B)(i) provides that subdivision (18)(A) "does not apply if the place is [a] public university, public college, or community college, as defined in § 5-73-322, and the licensee is carrying a concealed handgun as provided under § 5-73-322." Corbitt therefore contends that subdivision (18)(B) controls and ASU cannot place signs under subdivision (18)(A) to prevent ECCL holders from entering FNB Arena with firearms, despite the arena being covered by an alcohol permit.

Notwithstanding Corbitt's contention, the reference to subdivision (18) in subdivision (11)(B) is limited to the nature of the notice required to prohibit the concealed carrying of firearms into premises serving alcohol. Subdivision (18)(A)'s notice requirements pertain to readability and location. Establishments licensed to dispense alcohol, as described in subdivision (11)(A), must meet these requirements in order to prohibit ECCL holders from carrying firearms into their premises. Ark. Code Ann. § 5-73-306(11)(B).

---

(11)(B) is the more specific provision, it controls over subsection (h). *See Lambert v. LQ Mgmt., L.L.C.*, 2013 Ark. 114, at 5–6, 426 S.W.3d 437, 440 ("This court has long held that a general statute must yield to a specific statute involving a particular subject matter."). Moreover, this interpretation harmonizes the statutes and avoids an unnecessary contradiction. *Haile*, *supra*.

5

At the same time, subdivision (18)(B) operates to prevent public universities from having the discretion afforded to others under subdivision (18)(A) to choose to prohibit firearms on their premises. Under Arkansas law, universities do not have the discretion to prohibit firearms. But in this case, ASU is prohibiting firearms at FNB Arena because the facility is covered by an alcohol permit, not because it is attempting to exercise discretion as contemplated by subdivision (18)(A). Importantly, the General Assembly excluded universities from subdivision (18)(A), but no such exclusion was included in subdivision (11), which pertains to places covered by alcohol permits.

As discussed, FNB Arena is covered by an alcohol permit and has provided the requisite notice under subdivision (18)(A) that firearms are prohibited on the premises. The unambiguous language of subdivision (11)(B) supports ASU's position that an ECCL holder may not enter FNB Arena with a firearm.[3] Accordingly, ASU can lawfully prohibit firearm possession at FNB Arena under section 5-73-306.[4]

---

[3]The dissenting justice attacks the integrity of the majority with her suggestion that we have ignored the rules of statutory construction to reach our "preferred result." Our decision was reached by applying longstanding principles of statutory interpretation rather than advancing a personal policy preference. This court views all statutes on the same subject as *in pari materia* and construes them together and made to stand if capable of being reconciled. *See, e.g.*, *Ft. Smith v. Tate*, 311 Ark. 405, 410, 844 S.W.2d 356, 359 (1993). This case required us to reconcile section 5-73-322(h), which seemingly exempts ECCL holders from concealed carry restrictions, with section 5-73-306(11), which specifically prohibits an ECCL holder from entering an establishment covered by an alcohol permit if certain notice requirements are met. The General Assembly, as the policy-making branch of government, is presumed to be familiar with our interpretation of its statutes, and if it disagrees with those interpretations, it can amend the statutes accordingly. *Corn v. Farmers Ins. Co.*, 2013 Ark. 444, at 8, 430 S.W.3d 655, 660. Our construction of these two statutes avoids an unnecessary contradiction.

[4]Corbitt also argues that the circuit court misinterpreted the alcohol statutes. Arkansas Code Annotated section 3-4-403(21) (Repl. 2017) provides that "[p]ossession of a weapon

We affirm the circuit court's grant of summary judgment in favor of ASU.

Affirmed.

WOOD, WOMACK, and HILAND, JJ., dissent.

**RHONDA K. WOOD, Justice, dissenting**. The Arkansas General Assembly created a legal means for individuals with endorsed concealed-carry licenses to bring their firearms onto the campuses and into the buildings of public universities, colleges, and community colleges. Appellant Chris Corbitt has such an endorsed license and desires to carry his firearm into ASU's FNB Arena for nonathletic events.[1] ASU objects because it sells alcohol in FNB Arena and it has posted a notice prohibiting firearms. Because the statutes provide that Corbitt may carry his concealed firearm in this context and the majority departs from established rules of statutory interpretation, I dissent.

We interpret a statute by its clear and ordinary meaning. If we do this in a straightforward manner, the interpretation is simple and the result is obvious. I find that because Corbitt had the endorsement on his concealed-carry license under Arkansas Code Annotated section 5-73-322(b), subdivision 322(h) exempted Corbitt from section 5-73-306(11)(B)'s restrictions on carrying a firearm in some establishments permitted to sell

---

on the permitted premises by a person without a possessory or proprietary interest in the permitted premises" is a Class A alcohol permit violation. The circuit court found that sections 5-73-306(11)(B) and 3-4-403(21) "both address weapons on the premises of alcohol permit holders, such provides further support for finding ASU's firearm prohibition at FNB Arena lawful." We agree. The plain language of section 3-4-403(21) makes it a violation to bring a firearm into a facility covered by an alcohol permit, such as FNB Arena.

[1]Corbitt does not seek relief to carry a concealed firearm in FNB Arena for collegiate athletic events as he recognizes there is a specific statute addressing it. Ark. Code Ann. § 5-72-306(20)(C) (Supp. 2021).

alcohol for consumption on the premises. And ASU could not use the notice provisions in subdivision 306(18) to bar Corbitt from carrying a firearm in a public university setting permitted to sell alcohol because the General Assembly passed an Act with language directly stating that subdivision 306(18)'s notice provisions are inapplicable to Corbitt's endorsed concealed-carry license. We must interpret and apply the language as the General Assembly wrote it.

I. *Statutory Provisions for Carrying a Concealed Handgun on a Public University, College, or Community College Campus*

The General Assembly constructed a specific statutory scheme for individuals to obtain an endorsement for a license to carry a concealed handgun on the campus and within buildings of a public university, college, or community college. Relevant here is Arkansas Code Annotated sections 5-73-322(b), (g)(1), and (h) (Supp. 2021):

> <u>*"Concealed Handguns in a university, college, or community college building."*</u>
>
> (b) A licensee who has completed the training under subsection (g) of this section *may possess a concealed handgun in the buildings and on the grounds of a public university, public college, or community college*, unless otherwise prohibited by this section or § 5-73-306.
>
> (g)(1) A licensee who intends to carry a concealed handgun in the buildings and on the grounds of a public university, public college, or community college is required to complete a training course approved by the Director of the Division of Arkansas State Police.
>
> (h) A licensee who completes a training course and obtains a concealed carry endorsement . . . *is exempted from the prohibitions and restrictions on:*
>
> (1) Carrying a firearm in a publicly owned building or facility under § 5-73-122, if the firearm is a concealed handgun; and
>
> (2) Carrying a concealed handgun in a prohibited place listed under *§ 5-73-306(7)–(12)*, (14), (15), and (17), unless otherwise prohibited under § 5-73-306(19) or § 5-73-306(20).

(Emphasis added.)

Further, the General Assembly included within the chapter another statutory provision, Arkansas Code Annotated section 5-73-306 (Supp. 2021):

*"Prohibited places."*

*Except as permitted under § 5-73-322(g),* a license to carry a concealed handgun issued under this subchapter does not authorize a person to carry a concealed handgun into:

(11)(A) A portion of an establishment . . . licensed to dispense alcoholic beverages for consumption on the premises.

(B) A person with a concealed carry endorsement under 5-73-322(g) and who is carrying a concealed handgun may not enter an establishment under this section if the establishment either places a written notice as permitted under subdivision (18) of this section or provides notice under subdivision (19) of this section . . . .

(18)(A) Any place at the discretion of the person or entity exercising control over the physical location of the place by placing at each entrance to the place a written notice clearly readable at a distance of not less than ten feet (10') that 'carrying a handgun is prohibited'.

(B) Subdivision (18)(A) of this section *does not apply* if the place is:

(i) A public university, public college, or community college as defined in § 5-73-322, and *the licensee is carrying a concealed handgun as provided under § 5-73-322.*

(19)(A)(i) A place owned or operated by a private entity that prohibits the carrying of a concealed handgun that posts a written notice as described under subdivision (18)(A) of this section. . . .

(B) A place owned or operated by a private entity under this subdivision (19) includes without limitation:

(i) A private university or private college . . . .

(Emphasis added.)

9

II. *Analysis*

Corbitt is licensed to carry a concealed firearm, and his license has the endorsement that enables him to carry it on the campus of a public university and in its buildings. Our rule of statutory construction is to give effect to the intent of the legislature.[2] "In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning . . . ."[3]

Arkansas Code Annotated section 5-73-322(h)(2) provides that Corbitt "is exempted from the prohibitions and restrictions on . . . [c]arrying a concealed handgun in a prohibited place listed under §5-73-306(7)-(12) . . . ." Reading the plain and ordinary language, excluding subdivisions "306(7)–(12)" means those with an endorsed license are explicitly excluded from subdivision 306(11) and its restrictions on carrying a firearm in an establishment permitted to sell alcohol for consumption on the premises. There is no other way to read this.

Yet the majority ignores this and argues that 306(11)(B) states a person with a concealed carry endorsement under 322 "may not enter an establishment that posts a notice under subsection 5-73-306(18)."[4] But this argument fails for three reasons. First, as just explained, the plain language of subsection 322(h) specifically states those with endorsed

---

[2]*Pritchett v. City of Hot Springs*, 2017 Ark. 95, at 5, 514 S.W.3d 447, 451.

[3]*Id.*

[4]Ark. Code Ann. § 5-73-306(11)(B).

concealed-carry licenses are exempt from subdivision 306(11)(B).[5] With the clear exemption, the General Assembly made all of subdivision 306(11) unavailable.

Second, the first sentence of section 5–73–306 also emphasizes the intent to exempt these licenses: "*[e]xcept as permitted under § 5-73-322(g)*, a license to carry a concealed handgun issued under this subchapter does not authorize a person to carry a concealed handgun into . . . [,]" and then it sets out the prohibited places.[6] This implies that section 306 is subordinate to section 322 rather than the majority's suggestion to the contrary. The majority, relying on *Lambert*, also argues that section 306 is a more specific statute and supersedes section 322 (which the majority contends is the general one).[7] This case is inapplicable. *Lambert* involved whether a newer, generic statute revived a cause of action for employees when a preexisting, specific Arkansas code provision *expressly* annulled said cause of action.[8] This is different. The present statutes were passed in the same session. And even if we did weigh which statutes were more specific or general, the scale would tip the other way.

Last, the third flaw is that the majority position disregards the language in subdivision 306(18)(B) stating that it "does not apply" to a licensee in "a public university" carrying a concealed handgun with the endorsement.[9] How much plainer can the language be? It is

---

[5]Ark. Code Ann. § 5-73-322(h).

[6]Ark. Code Ann. § 5-73-306 (emphasis added).

[7]*Lambert v. LQ Mgmt., L.L.C.*, 2013 Ark. 114, at 5–6, 426 S.W.3d 437, 440.

[8]*Id.*

[9]Ark. Code Ann. § 5-73-306(18)(B).

wrong and contrary to the express statutory language to impose the restrictions of subdivisions 306(11)(B) and (18) on Corbitt when the General Assembly specifically "exempted" him from such restrictions. As both sections 5-73-306 and 5-73-322 were enacted in Act 562 of the Regular Session in 2017, we have no reason to doubt the deliberateness of the General Assembly's words and intent.

Additionally, the General Assembly was clear in its decision to treat private universities differently from public universities. First, it created the list of exceptions in Arkansas Code Annotated section 5-73-322(h)(2) and exempted private universities ("unless otherwise prohibited under § 5-73-306(19)"). Second, in Arkansas Code Annotated section 5-73-306, it excluded public universities in subdivision 306(18)(B) but included private universities in subdivision 306(19)(B).[10] The General Assembly's deliberate choice to carve out exemptions for private universities and not public ones is not just implicit, it is explicit and directs our interpretation of these statutes and their plain meaning.

Finally, ASU and the majority contend they must prohibit firearms to comply with alcohol-and-beverage-control regulations, but this is not before the court. Corbitt filed suit claiming that the General Assembly authorized him to carry his firearm into this setting. ASU argued it was exempt. As it is not, that is where our analysis should end. Since it is not exempt, whether it chooses to violate a permit it voluntarily elected to obtain is a separate matter. It is this court's role to interpret only what is before it. It is incumbent upon the General Assembly to decide public policy. It must create harmonious laws and determine

---

[10]Even the majority's reference to 306(11)(B) including a mention of 322(g) makes sense because 11(B) includes the notice requirements of 306(19) for private universities which were exempt from both 322(h) and 306(11)(B).

12

whether it desires and can create an avenue for public universities to prohibit concealed firearms in campus establishments that sell alcoholic beverages beyond the exception it created for athletic events.

Although this statutory scheme was a grammatical obstacle course, we must clear every hurdle presented and cannot bypass ones inconvenient to the preferred result. Nor can we turn a blind eye to the legislative branches' policy decision. It is not our court's constitutional role to make policy. As the Arkansas General Assembly does not restrict Corbitt's carrying his firearm in this context, I would reverse. For these reasons, I dissent.

HILAND, J., joins.

**SHAWN A. WOMACK, Justice, dissenting.** Article 5, section 20 of the Arkansas Constitution requires this court to reverse and dismiss this case.[1] Without an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2] The circuit court was simply without jurisdiction to consider Mr. Corbitt's lawsuit because Article 5, section 20 affords the state immunity from suit in most instances, and none of the limited, constitutionally based exceptions were present here.[3] The same is true for this court. For these reasons, I would reverse and dismiss the case and I once again call on the General Assembly to consider referring a constitutional amendment to the voters to address the applicability and scope of the issue of sovereign immunity.

---

[1] *See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2] *Id.*

[3] *Id.* at 17, 639 S.W.3d at 327.

I respectfully dissent.

*Corbitt Law Firm, PLLC*, by: *Robert Steinbuch*, for appellant.

*Tim Griffin*, Ark. Att'y Gen., by: *Carl F. "Trey" Cooper III*, Sr. Ass't Att'y Gen., for appellees.